# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
LVNV FUNDING, LLC

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
HUGH SABEL

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

F I L E D
Clerk of the Superior Court

JUL 1 2 2013

By: L. MELIN-ALVAREZ, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: Superior Court of San Diego
*(El nombre y dirección de la corte es):*
325 South Melrose Dr.
Vista, CA 92081

**CASE NUMBER:**
*(Número del Caso):*
37-2013-00057205-CU-NP-NC

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 369 S. Doheny Dr., #415, Beverly Hills, CA 90211, 877-206-4741

DATE: JUL 1 2 2013    Clerk, by  /S/ L. MELIN-ALVAREZ    , Deputy
*(Fecha)*                 *(Secretario)*                      *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* LVNV Funding LLC

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* Limited Liability Company
4. ☒ by personal delivery on *(date):* 7/25/13

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

1  Todd M. Friedman (216752)
2  Nicholas J. Bontrager (252114)
   Suren N. Weerasuriya (278512)
3  Law Offices of Todd M. Friedman, P.C.
   369 S. Doheny Dr. #415
4  Beverly Hills, CA 90211
5  Phone: 877-206-4741
   Fax: 866-633-0228
6  tfriedman@attorneysforconsumers.com
   nbontrager@attorneysforconsumers.com
7  sweerasuriya@attorneysforconsumers.com
8  Attorney for Plaintiff

FILED
NORTH COUNTY DIVISION

2013 JUL -5 PM 2:56

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### FOR THE COUNTY OF SAN DIEGO
### UNLIMITED JURISDICTION

HUGH SABEL,

    Plaintiff,

-vs-

LVNV FUNDING, LLC,

    Defendant.

CASE NO.: 37-2013-00057205-CU-NP-NC

COMPLAINT

1. Violation of Rosenthal Fair Debt Collection Practices Act;
2. Violation of Federal Fair Debt Collection Practices Act;
3. Violation of Fair Credit Reporting Act

(Amount Exceeds $25,000)

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices and for Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 (hereinafter "FCRA"), which regulates the collection, dissemination, and use of consumer information, including consumer credit information.

1

## II. PARTIES

2. Plaintiff, Hugh Sabel ("Plaintiff"), is a natural person residing in San Diego County in the state of California, and is a "debtor" as defined by Cal Civ Code §1788.2(h), a "consumer" as defined by 15 U.S.C. § 1692a(3). Plaintiff is a "consumer" as defined by 15 U.S.C. §1681a.

3. At all relevant times herein, Defendant, LVNV Funding, LLC ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by Cal Civ Code §1788.2(f) and a "debt" as defined by 15 U.S.C. § 1692a(5). Defendant regularly attempts to collect debts alleged to be due them, and therefore is a "debt collector" as defined by the RFDCPA, Cal Civ Code §1788.2(c) and is a "debt" collector as defined by 15 U.S.C. § 1692a(6). Further, Defendant regularly provides information to consumer reporting agencies and is therefore an "information furnisher" as defined by the FCRA.

## III. FACTUAL ALLEGATIONS

4. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant reported derogatory information on Plaintiff's credit report. Defendant alleges that Plaintiff still owes a past due balance owed on an account ending in the numbers 0334.

5. In both April and May of 2012, Plaintiff caused to be delivered written correspondence to Defendant disputing the alleged debt. Plaintiff's correspondences further requested that Defendant provide Plaintiff with written documentation establishing the existence of the account and that any such debt was and/or is actually owed by Plaintiff.

6.  Despite having received Plaintiff's correspondences, Defendant continued to attempt to collect a debt from Plaintiff. Defendant further continued to report the alleged debt on Plaintiff's credit report(s) without as much as even updating the information reported to the credit bureaus that Plaintiff had disputed the alleged debt at issue.

7.  In February of 2013, as Defendant had still failed to make any updates as to the disputed status of the account on Plaintiff's credit report and continued to report the alleged debt as past due and owing, Plaintiff delivered a written correspondence to Experian, a credit bureau.

8.  On or about April 2, 2013, Experian responded to Plaintiff's February 2013 correspondence and confirmed that Experian had updated Plaintiff's credit report as "disputed" as it pertains to the alleged Debt Defendant alleges is owed.

9.  Defendant in no part willingly or voluntarily made any efforts whatsoever to update or delete the credit reporting it placed on Plaintiff's credit report at any time from 2012 to the present as it pertains to account number ending in 0334.

10. §1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. §1692d, and §1692d(5).

11. Defendant's conduct violated the RFDCPA in multiple ways, including but not limited to:

   a) Falsely representing the character, amount, or legal status of Plaintiff's debt (§1692e(2)(A));

   b) Communicating or threatening to communicate credit information which is known or which should be known to be false (§1692e(8)); and

3

    c) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§1692e(10).

12. Defendant has been providing derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to various credit reporting agencies, as that term is defined by 15 U.S.C. 1681a(f).

13. Defendant is aware that the credit reporting agencies to which they are providing this information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment.

14. As a result of Defendant's inaccurate reporting of Plaintiff's account, Plaintiff's credit score decreased.

15. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

16. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

17. Plaintiff has been damaged, and continues to be damaged, in the following ways:

    a. Denial of credit opportunity;
    b. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown; and
    c. Decreased credit score which may result in inability to obtain credit on future attempts.

18. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

4

19. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiffs herein.

20. Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

   a. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,
   b. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

21. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

22. Further, Defendant failed to notify Plaintiff of their intention to report negative information on their credit reports. Defendant then failed to correct the disputed information within thirty days of Plaintiff's dispute of that information.

23. As a result of the above violations of the RFDCPA, FDCPA and FCRA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

5

## COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff reincorporates by reference all of the preceding paragraphs.

25. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

- A. Actual damages;
- B. Statutory damages for willful and negligent violations;
- C. Costs and reasonable attorney's fees; and
- D. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff reincorporates by reference all of the preceding paragraphs.

27. To the extent that Defendant's actions, counted above, violated the FDCPA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

- A. Actual damages;
- B. Statutory damages for willful and negligent violations;
- C. Costs and reasonable attorney's fees; and
- D. For such other and further relief as may be just and proper.

## COUNT III: VIOLATION OF THE FAIR CREDIT REPORTING ACT

28. Plaintiff reincorporates by reference all of the preceding paragraphs.

29. To the extent that Defendant's actions, counted above, violated the FCRA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Actual damages;
B. Statutory damages;
C. Punitive Damages;
D. Costs and reasonable attorney's fees; and,
E. For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 28th day of June, 2013

By: _____
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff